UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VALERIE RUBINSTEIN, individually and on behalf of all others similarly situated,<br>Plaintiff,<br><br>- against -<br><br>DEPARTMENT STORES NATIONAL BANK,<br><br>Defendant. | No. 12-CV-8054 (PAC) |

Motion for Class Certification and
Appointment of Class Counsel

Plaintiff, Valerie Rubinstein, through counsel, hereby moves under Federal Rule of Civil Procedure 23 for an Order permitting this case to proceed as a class action and certifying a class as defined below against Defendant Department Stores National Bank ("DSNB"). In support of this motion, plaintiff states the following:

Plaintiff alleged in her Complaint that DSNB violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.* by failing to furnish billing-rights notices that complied with Regulation Z, 12 C.F.R. §226.1, *et seq.* Specifically, Rubinstein claimed that DSNB violated TILA by omitting key language and misstating its responsibilities in its notices. Plaintiff is seeking to represent a class of consumers harmed by DSNB's conduct.

1

Plaintiff seeks to represent a class of persons, defined as follows:

> All persons who, according to DSNB's records, were furnished, on or after October 28, 2011, a periodic statement for a Bloomingdale's Card store account with a billing-rights notice containing substantially the same text as that in the billing rights notice in section 13 on page 2 of <u>Exhibit A</u> to Plaintiff's Complaint.

As set forth in the accompanying Declaration of Brian L. Bromberg, dated October 31, 2013; the Declaration of Harley J. Schnall, dated October 31, 2013; the Declaration of Valerie Rubinstein, dated October 28, 2013; and the Memorandum of Law in Support, dated October 31, 2013; all requirements of Rule 23(a) have been met in that:

a. The class is so numerous that joinder of all members is impracticable;
b. There are questions of law or fact common to the class;
c. The claims of the representative parties are typical of the claims of the class; and
d. The representative parties will fairly and adequately protect the interests of the class.

The additional requirements of Rule 23(b)(3) have been that in that the questions of law or fact common to members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Under Rule 23(g), plaintiff also moves that the Court appoint her attorneys, Brian L. Bromberg and Harley J. Schnall, as Class Counsel. Copies of the

declarations of Brian L. Bromberg, Harley J. Schnall, and Valerie Rubinstein are attached to this motion.

Dated: New York, New York
October 31, 2013

                        PLAINTIFF VALERIE RUBINSTEIN,
                        Individually And On Behalf Of The Class,

                 By:  /s/ Brian L. Bromberg
                     Brian L. Bromberg
                     One of Plaintiff's Attorneys

**Attorneys for Plaintiff**

Brian L. Bromberg
Jonathan R. Miller
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY 10005
Tel: (212) 248-7906
Fax: (212) 248-7908

Harley J. Schnall
Law Office of Harley J. Schnall
711 West End Ave
New York NY 10025
Tel: (212) 678-6546
Fax: (212) 678-0322

Certificate of Service

    I, Brian L. Bromberg, an attorney, hereby certify that on October 31, 2013, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District of New York's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

Brian Lewis Bromberg, Esq.

Joseph Eric Strauss, Esq.

Harley Jay Schnall, Esq.

Julia Beatrice Strickland, Esq.

David Wesley Moon, Esq.

Jonathan Robert Miller, Esq.

Dated:    New York, New York
           October 31, 2013

                        /s/ Brian L. Bromberg
                          Brian L. Bromberg